I agree to this opinion in so far as it holds that, under the order of the Public Service Commission, the Frisco is not now, nor was it at the institution of this suit, in default. If the opinion means that at the end of the month (admitting that the Missouri Pacific proceeds with the work under the Commissions' order, and that the Frisco then refused to pay the monthly installments) the Frisco would not be in default, under the order, *Page 466 
and not subject to mandamus by the Public Service Commission, I do not agree to it. My judgment is that both companies must comply strictly with this order, and then if by any contract the appellants, as between themselves, have any different rights, they can litigate that question in a proper forum, in view of what they think are their contract rights. The Public Service Commission is not a court, and has no power to enforce contracts. It has power to deal with interlocking systems (in the public interest) and can apportion the costs by its order. The order, if reasonable, as here, can be enforced. On the other hand, if the railroads have an agreement, the Commission should leave that for court determination as between the parties to the agreement, but that determination should not in any way effect the full performance of the Commissions' order in its fullest detail. Its order is enforceable for public reasons, and under the Commissions Act enforceable by mandamus. The violation of a private contract should be determined afterward. I think my learned brother so writes, but this to make by own views clear. With this explanation, I concur.